**William HALSWORTH, Plaintiff,**

v.

**Steven HATFIELD, Douglas Fischer, Edward Prichard; and Multnomah County, a political subdivision of the State of Oregon, Defendants.**

**Civ. No. 79–348.**

United States District Court,
D. Oregon.

Feb. 28, 1980.

Brian E. Jeanotte, Portland, Or., for plaintiff.

John D. Hoffman, III, Deputy County Counsel, Portland, Or., for defendants.

ORDER

JAMES M. BURNS, Chief Judge.

Plaintiff Halsworth brings this action against defendants Hatfield, Fischer, Prichard and Multnomah County, seeking damages for an alleged civil rights violation, defamation and interference with contract. Defendant Multnomah County seeks dismissal of plaintiff's complaint for failure to state a claim against Multnomah County upon which relief can be granted. Specifically, defendant Multnomah County urges that plaintiff's allegations in relation to the claim under 42 U.S.C. § 1983 are insufficient in light of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Judge Leavy filed findings and a recommendation that Multnomah County's motion to dismiss be granted. With considerable reluctance, because it is a close question, and because the *Monell* sidelines and goalposts are still so vaguely defined, I disagree with the recommendation.

Plaintiff was employed at the Bureau of Computer Services (BCS) of the City of Portland, Oregon, when the incidents complained of occurred. Defendant Multnomah County, a political subdivision of the State of Oregon, employs all of the individual defendants (Hatfield, Fischer and Prichard) in its Data Processing Authority (DPA).

Although the exact sequence and details are not clear from plaintiff's allegations, his account appears to be as follows. Defendant Hatfield, a computer operations supervisor for the DPA, recorded a conversation of plaintiff without plaintiff's knowledge or consent. After learning of the recording and the circumstances of its origin, defendant Fischer, Operations Manager of the DPA, acquired and retained the recording. Fischer subsequently played the recording for plaintiff's supervisors in the BCS. Defendant Prichard, Fischer's immediate su-

pervisor and the Director of the DPA, at some point became aware of the recording and the surrounding circumstances. Prichard was present when Fischer played the recording, and "authorized, ratified and adopted" the acts of defendant Fischer.

Plaintiff alleges that defendants' actions were taken over plaintiff's objections and with malice, all in violation of 18 U.S.C. § 2511 and Oregon law.

In *Monell v. Department of Social Services, supra,* the Supreme Court held that municipalities are not absolutely immune from liability for damages under § 1983. Said the Court:

"Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels. . . . 'Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a "custom or usage" with the force of law.'" 436 U.S. at 690–691, 98 S.Ct. at 2035–36 (footnotes omitted).

Plaintiff's original complaint was dismissed as to Multnomah County because he failed to allege that the activities complained of were connected to official policy or custom. Plaintiff amended his complaint to allege that (1) DPA Director Prichard and Operations Manager Fischer established and executed the policies and customs of the DPA; (2) it was official DPA policy and custom to discover and document misconduct by PCS employees and plaintiff in particular; and (3) the individual defendants acted "in conformance with or in formulating, executing or supervising the execution of" the DPA surveillance policy or custom.[1]

Defendant Multnomah County argues that the defect in plaintiff's original com-

---

1. Plaintiff's original complaint alleged only that the acts of the individual defendants "were performed under cover of and within the scope of their individual and collective employment with the defendant Multnomah County." This allegation was insufficient under *Monell. See Molina v. Richardson,* 578 F.2d 846 (9th Cir. 1978) (City not liable for illegal manner in which police officer made arrest, where no showing that manner represented official policy or custom).

Plaintiff amended his complaint to add the following:

"8. At all times material herein, defendant Prichard had authority to and did establish and supervise the exection [sic] of the official policies and customs of the Multnomah County Data Processing Authority as they pertained to its interaction with the Bureau of Computer Services of the City of Portland and the latter's employees. At all times material herein, defendant Fischer assisted defendant Prichard in establishing and supervising the execution of said policies and customs.

"9. At all times material herein it was official policy and custom of the Data Processing Authority established and supervised by defendants Prichard and Fischer to seek to fault the performance of employees of the Bureau of Computer Services and plaintiff in particular and to portray their performance to their supervisors in an unfavorable manner. Further it was the policy and custom of the Data Processing Authority to document and otherwise evidence instances of behavior of Bureau of Computer Services employees, and plaintiff in particular, that could be so faulted or portrayed and present such documentation to the employee's supervisor.

"10. *The above acts of defendants Hatfield, Fischer and Prichard were performed within the scope of their employment with the defendant Multnomah County* and in conformance with or in formulating, executing or supervising the execution of the above-mentioned policies and customs." (emphasized language substantially present in original complaint)

plaint persists, because plaintiff has not alleged that the individual defendants acted pursuant to "a policy statement, ordinance, regulation or decision *officially adopted and promulgated*" by the officers of Multnomah County, or to a "*permanent and well settled*" practice of Multnomah County (emphasis added). Other language from *Monell*, however, indicates that dismissal is not required at this juncture. In rejecting absolute immunity for municipalities, the Court made clear that it also rejected the opposite extreme—*respondeat superior* liability. Between these two poles, however, the Court trod cautiously:

> "We conclude, therefore, that a local government may not be sued for an injury inflicted *solely* by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers *or by those whose edicts or acts may fairly be said to represent official policy*, inflicts the injury that the government as an entity is responsible under § 1983. . . . [W]e have no occasion to address, and do not address, what the full contours of municipal liability under § 1983 may be. We have attempted only to sketch so much of the § 1983 cause of action against a local government as is apparent from the history of the 1871 Act and our prior cases and we expressly leave further development of this action to another day." 436 U.S. at 694–695, 98 S.Ct. at 2038 (emphasis added).

Concededly, plaintiff has not alleged that the official DPA policy or custom of surveillance is itself unlawful, that the unlawful conduct followed inevitably from DPA policy or custom, or that the unlawful conduct itself was a usual occurrence. Plaintiff has, however, alleged an official policy, unlawful conduct pursuant to that policy, and complicity in the unlawful conduct by a departmental head. The pleadings do not reveal the manner in which Multnomah County's official policy regarding its Data Processing Authority is established and adjusted. They do not reveal the governing structure of the DPA, what authority is delegated to the Director and Operations Manager, or whether there exists written authorization for any of the acts alleged in the complaint. Nor do the pleadings reveal whether DPA Director Prichard authorized Fischer to play the recording to plaintiff's supervisors, or whether Prichard could or should have taken steps to protect plaintiff's interests after the recording was played.

It is arguable from plaintiff's complaint that defendant Prichard is, in *Monell* terms, "one whose edicts or acts may fairly be said to represent official policy." It is arguable that Prichard, by "authorizing, ratifying, and adopting" his subordinates' actions, was either formulating or further defining a generalized official policy of surveillance.

The wide open spaces loosely corralled in. *Monell* result from § 1983 itself, which aims at the person who, under color of law, "subjects, or causes to be subjected," another person to a loss of civil rights. Exactly who makes official policy, what constitutes an official custom, and what measure of causation must connect the local government to the injury alleged are questions which ought to be focused against a fuller factual background than these pleadings provide.

Because I cannot conclude "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), I deny defendant Multnomah County's motion to dismiss. It may well be, at trial, that plaintiff's proof will not pass muster under *Monell*. Indeed, when the record is more fully developed, it also may well be that summary judgment would avail for Multnomah County's position. But I cannot say, at this juncture, that plaintiff's allegations against the county fail to meet the *Conley* test.

It is ORDERED that Multnomah County's Motion to Dismiss is DENIED.

APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

WILLIAM HALSWORTH, )
)
Plaintiff, )
)
v. )
)
STEVEN HATFIELD, DOUGLAS ) Civ. No. 79 848
FISCHER, EDWARD PRICHARD; )
and MULTNOMAH COUNTY, a ) FINDINGS and
political subdivision of the State of )
Oregon, ) RECOMMENDATION
)
Defendants. )

EDWARD LEAVY, Magistrate.

Plaintiff, William Halsworth, brings this action against defendants Steven Hatfield, Douglas Fischer, Edward Prichard and Multnomah County, a political subdivision of the State of Oregon, for the redress of an alleged civil rights violation, defamation and interference with contract. Defendant Multnomah County moves the court for an order dismissing plaintiff's amended complaint, on the ground that the complaint fails to state a claim against Multnomah County upon which relief can be granted.

Specifically, defendant Multnomah County contends that plaintiff's allegations in relation to the claim for relief under 42 U.S.C. § 1983 are insufficient in light of the recent decision entitled *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In pertinent part the Supreme Court stated:

Local governing bodies, therefore, can be sued directly under Section 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of a Section 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other Section 1983 "person", by the very terms of the statute, may be sued for Constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels. . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a "custom or usage" with the force of law. 98 S.Ct. at 2036.

Plaintiff has not alleged that the acts of the individually named defendants implemented or executed "a policy statement, ordinance, regulation or decision *officially adopted and promulgated*" by the officers of Multnomah County (emphasis supplied). Plaintiff also has not alleged, nor can it be implied, that the acts allegedly committed by the individually named defendants constituted a "permanent and well settled" practice of defendant Multnomah County. The *Monell* decision requires that at least one or the other of the above allegations be made. Accordingly, I find that plaintiff's civil rights claim against defendant Multnomah County fails to state a claim for which relief can be granted.

Plaintiff's complaint contains three claims against defendant Multnomah Coun-

ty in addition to the civil rights claim discussed above. Multnomah County has not put forth any reason as to why these portions of plaintiff's complaint should be dismissed. I find that they state claims for which relief can be granted.

Based on the above findings, I recommend that defendant Multnomah County's motion to dismiss plaintiff's complaint be allowed to the extent it relates to the civil rights claim and denied as it relates to all other portions of plaintiff's complaint.

Dated this 27th day of September, 1979.